IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANE GINGRASS, on his behalf and on behalf of those similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:15-cv-0837 |
| TMG (THE MOORE GROUP, INC.), and HERBERT L. MOORE | § § § | |
| | § | Jury Demanded |
| Defendants. | § | |

I, Jesse H. Forester, declare as follows:

1. I am a member in good standing of the State Bar of Texas. I am admitted to practice in the Eastern, Northern, Southern and Western Districts of Texas. I am an Attorney at the firm of Lee & Braziel, LLP and represent Plaintiff in this action.

2. Lee & Braziel, LLP, and myself specifically, represent the Plaintiff in this case.

3. My current practice focuses 100% on cases brought under the FLSA. In this capacity, I exclusively represent plaintiffs and currently represent hundreds of workers in cases spread throughout the United States in both collective actions and single plaintiff cases. I am mentored and supervised directly by J. Derek Braziel, one of the nation's leading practitioners in this narrow field. I am professionally fluent in Spanish and have worked both as a Spanish translator and teacher in the past.

4. As a result of the reputation of our work and our firm, I was a guest speaker at a number of law schools in 2015, including the American University Washington College of Law, SMU Dedman School of Law, and the Texas A&M School of Law.

5. In addition to being an active employee litigator, I was selected to and continue to

serve as a member of the current leadership class and Co-Chair for the Young Employment & Labor Lawyers Committee for the Dallas Association of Young Lawyers, an Executive Board member of the local chapter of the American Constitution Society, and as a Member of the Law School Committee for the American Association of Justice.  I also serve as the Treasurer for the Executive Board of Mosaic Family Services, an organization that exists to serve the immigrant communities of North Texas.

6. I graduated from the University of Michigan in 2007, where I received a Bachelor of Arts, Majoring in Political Science and Minoring in Spanish.  I graduated from The George Washington University in 2009 with a Masters of Arts in International Affairs.  There, I was a recipient of a Scottish Rite Endowment Fellowship and was an inaugural Fellow for the International Institute for Economic Policy.  I graduated from the Southern Methodist University Dedman School of Law in 2013.  There, I was a Vinson & Elkins endowed scholarship recipient, received the Larry Margolies Memorial Fellowship for public interest work in 2011, and was a member of the Vis International Commercial Arbitration Moot Court Team.

7. During law school, I was a law clerk at Waters, Kraus & Paul, which practices complex plaintiffs' personal injury litigation throughout the United States.  After licensure, I was an attorney at Fears Natchawati where I oversaw a docket of approximately 70 personal injury cases.  In my first year following law school I helped try three cases in the State of Texas, including a personal injury, commercial, and administrative matter.  I represented the plaintiff in each of these matters.

8. My current hourly rate is $295.00 per hour for this kind of litigation.  Others within the firm who have spent time litigating this action include: Josey Gonzales (Senior Paralegal) $195.00 per hour and J. Derek Braziel (Partner, J.D. University of Virginia School of

Law, 1995) $495.00 per hour.  These rates are the firm's current billing rates for cases of this type.

9. I have personal knowledge of the hourly rates charged by other attorneys with comparable experience to mine and those who billed time on this case.  Based on that information, I believe that our rates are at or near the market rate for attorneys with comparable expertise, experience and qualifications and are reasonable and appropriate in this case.  The hourly rates requested are consistent with the rates that Lee & Braziel charges to many clients who are billed on an hourly basis and, thus, is well within the bounds of what is normal and customary.

10. It is our firm's practice to maintain contemporaneous time records setting forth the amount of time spent working on each case with descriptions regarding the actual tasks involved.  My usual practice, and the usual practice of the other attorneys in my firm, is to record only those hours that the firm would customarily bill to a client paying on an hourly basis.  I and the firm's timekeepers also exercised billing judgment before recording time to eliminate time for duplicative tasks or to reduce time for work that may have been inefficient.  The work reflected in the time records was reasonably required in order to litigate this action.

11. The firm's lodestar (hours x hourly rates) on the hours expended on this matter, amounts to $6,658.95 (J. Forester with 13.50 hours x $295 = $3,982.50; J. Derek Braziel with 3.00 hours x $495 = $1,485.00; and Chief Paralegal Josey Gonzales with 6.11 hours x $195 = $1,191.45).  The firm also has an additional $600.00 in costs in this matter for a total amount in fees and costs of $7,258.95.

12. The law firm took this case on a contingency basis, without any assurance that we would be paid any fees or reimbursed any costs for our efforts or expenditures.  At no time did

we have any assurance that we would ultimately prevail in this matter or that a mutually agreeable settlement could be reached. As acknowledgment of Plaintiff's financial circumstances, Plaintiff's counsel has accepted no monies from Plaintiff for fees and costs and instead will only accept those amounts as determined and approved by the Court.

13. The firm accepted the case because of the important principle of vindicating Plaintiff's statutory right to overtime pay which attaches regardless of whether or not a litigant earns a large wage or a small one. While the amount in controversy may be small relative to other actions before the Court, the importance of the case to the Plaintiffs cannot be overstated.

14. By prosecuting Plaintiff's case, I was precluded from accepting or working on other cases. If I had not expended its time and resources on this case, I would have devoted his time and resources to other cases and compensable work. As a result of this case, I have forgone the opportunity to perform other work for clients that would likely have paid more quickly and profitably.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 21st day of September, 2015, in Dallas, Texas.

                                                     /s/*J. Forester*
                                                     J. Forester